**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE EDWARD BELL, 1068757,** | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-2092-G |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director** | ) | |
| **TDCJ-CID,** | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On October 25, 2001, Petitioner was convicted of aggravated robbery. *State of Texas v. Lawrence Edward Bell*, No. F-0072426-KP (203rd Jud. Dist. Ct., Dallas County, Tex., Oct. 25, 2001). Petitioner was sentenced to eleven years confinement. On January 31, 2003, the Fifth District Court of Appeals affirmed the conviction. *Bell v. State*, No. 05-01-01766-CR (Tex. App. Dallas Jan. 31, 2003). Petitioner did not file a petition for discretionary review.

On May 6, 2003, Petitioner filed two federal petitions for writ of habeas corpus. *Bell v. Cockrell*, Nos. 3:03-CV-946-D and 3:03-CV-947-L (N.D. Tex.). The Court dismissed both petitions for failure to exhaust state remedies.

On December 22, 2003, Petitioner filed a state habeas petition. *Ex parte Bell*,

Application No. 58,174-01.  On June 2, 2004, the Court of Criminal Appeals denied the application without written order.  On July 16, 2004, Petitioner filed a second state habeas petition.  *Ex parte Bell*, Application No. 58,174-02.  On October 6, 2004, the Court of Criminal Appeals dismissed the application as successive.  On November 30, 2004, Petitioner filed a third state application for writ of habeas corpus.  *Ex parte Bell*, Application No. 58,174-03.  On April 6, 2005, the Court of Criminal Appeals dismissed the application as successive.

On October 20, 2005, Petitioner filed this federal petition.  He argues: (1) he received ineffective assistance of counsel because counsel failed to subpoena two key witnesses; (2) the evidence is insufficient to support the conviction; (3) the trial judge and court clerk erred by failing to subpoena three key witnesses; (4) he was not informed of his rights when he was arrested; (5) he was denied a speedy trial; (6) the state was allowed to use impermissible evidence; (7) he received ineffective assistance of counsel because his counsel had a conflict of interest; (8) the trial court erred in denying Petitioner's motion for mistrial; (9) the state made improper arguments during the guilt/innocence phase of the trial; (10) he received ineffective assistance of counsel because his counsel failed to object to testimony from Petitioner's father; (11) he received ineffective assistance of counsel because counsel allowed Petitioner to sign a waiver regarding fingerprint evidence; (12) the state erred in allowing him to testify because he had mental difficulties, was going through "major problems" and was a PCP user.

On January 17, 2006, Respondent filed a preliminary response arguing that the petition is time-barred.  On February 15, 2006, May 3, 2006, and July 27, 2006, Petitioner filed replies.  The Court now determines the petition is barred by limitations and should be dismissed.

**II.  Discussion**

**A.  Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

    1.  Timeliness under § 2244(d)(1)(A)

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On January 31, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. The Court granted petitioner an extension of time until May 2, 2003, to file his petition for discretionary review. He did not file a petition for discretionary review. His conviction therefore became final on May 2, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until May 2, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On December 22, 2003, Petitioner filed his first state habeas application. This application tolled the limitations period for 164 days, until it was denied on June 2, 2004. Adding 164 days to the limitations period, Petitioner's federal petition was due on August 13, 2004. On July 16, 2004, Petitioner filed a second state habeas petition. This petition tolled the limitations period for 82 days, until it was dismissed on October 6, 2004. Adding 82 days to the federal limitations period, Petitioner's federal petition was due on November 2, 2004. On November 30, 2004, Petitioner filed a third state habeas petition. This third petition was filed after the federal limitations period expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due by November 2, 2004. He did not file his federal petition until October 20, 2005. His petition is therefore untimely.

2.  Timeliness under § 2244(d)(1)(B)

Petitioner also argues that the exhaustion requirements under the AEDPA created a state court impediment that prevented him from timely filing his federal petition. The AEDPA, however, does not constitute a state court impediment. This claim should be dismissed.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states that on February 26, 2003, he filed a petition for discretionary review "with petition under 28 U.S.C. 2255 to vacate, set-aside, or correct sentence." (Feb. 15, 2005, Traverse page 1).  The record reflects that on May 6, 2003, Petitioner filed petitions under 28 U.S.C. §§ 2255 and 2254 in federal court.  *Bell v. Cockrell*, Nos. 3:03-CV-946-D (N.D. Tex.), 3:03-CV-947-L (N.D. Tex.).  In each petition, he challenged the state court conviction that he now challenges.  The Court therefore sent Petitioner a notice of deficiency in the § 2255 case informing him that he used the incorrect form, since a § 2255 petition is only used to challenge federal convictions.  Petitioner then submitted his claim under § 2254.  Both of Petitioner's § 2254 petitions were dismissed for failure to exhaust state remedies.  It is unclear whether Petitioner meant to file a petition for discretionary review instead of the § 2255 petition.  Even if he intended to file a petition for discretionary review, however, he filed the § 2255 petition after

the deadline for filing his petition for discretionary review.  Therefore, even if he had filed the petition in the correct state court, it would not have extended the date on which his conviction became final.

Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 14th day of September, 2006.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).